**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AGNES DEMARCO, et al.,** ) | **MDL Individual Case No. 1:08 GD 50265** |
| ) | **C.D. Calif. Case No. ED CV 08-00887** |
| Plaintiffs, ) | **(SGL)** |
| ) | |
| vs. ) | **Judge Dan Aaron Polster** |
| ) | |
| **GENERAL ELECTRIC COMPANY,** ) | |
| **et al.,** ) | **ORDER OF REMAND** |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Remand filed by Plaintiffs Agnes and Luigi Demarco (citizens of California) against Defendants General Electric Company (a citizen of New York and Connecticut), GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corporation (both citizens of Delaware and New Jersey), and McKesson Corporation (a citizen of California).[1]  (**ECF No. 12**.)  For the following reasons, the Motion is **GRANTED**.

## I.  BACKGROUND

The above-captioned case is one of myriad cases pending before the Court as a result of transfer pursuant to the multi-district litigation entitled *In re: Gadolinium-Based Contrast Agents Products Liability Litigation*, Case No. 1:08-GD-50000, MDL No. 1909 ("the MDL").  Plaintiffs in the MDL are generally individuals who developed a disease known as

---

[1] Plaintiffs will hereafter be referenced collectively as "the Demarcos."  The Court will refer to Defendants General Electric Co., GE Healthcare, Inc. and GE Healthcare Bio-Sciences Corp. collectively as "the GE Defendants."  The Motion to Remand, located in the record at ECF No. 12-2, will hereafter be cited as "Motion."

Nephrogenic Systemic Fibrosis ("NSF") following the administration of products manufactured and/or sold by one or more of the named defendants in these cases.

The Demarcos filed this individual case in California state court on June 6, 2008.[2] The complaint alleges that Mrs. Demarco, in the course of being evaluated for renal transplant, was injected with the gadolinium-based contrast agent Omniscan™ (gadodiamide) in connection with an MRI she underwent on January 10, 2005. (Compl. ¶ 34.) She developed NSF within days of being injected with Omniscan and the disease, which is progressive, incurable and terminal, has progressed to widespread fibrosis and edema in her limbs and associated joints. (Id. ¶¶ 36, 37.) The Demarcos assert that consistent patterns of toxicity, including nephrogenic fibrotic changes in the skin and other organs, occurred in pre-clinical safety assessments during which Omniscan™ was injected into laboratory animals. (Id. ¶ 21.) Thus, the Omniscan™ manufacturers (the GE Defendants) and distributor (McKesson Corp.) knew or should have known, prior to the date of Mrs. Demarco's MRI scan, that its injection into patients with renal insufficiency created a significant risk of developing NSF, yet they failed to warn or inform her or her healthcare providers of those risks. (Id. ¶ 38.) The Demarcos further assert that it was not until June 6, 2006 that the FDA issued Public Health Advisory Alerts concerning the risk of developing NSF following exposure to gadolinium-based contrast agents such as Omniscan™. (Compl. ¶ 31; see also ECF No. 12-3.) Based on these facts, the Demarcos alleged ten causes of action against the Defendants: strict product liability for failure to warn, negligence, strict tort liability, breach of express warranty, breach of implied warranty, fraudulent misrepresentation,

---

[2]See ECF No. 12-3, *Demarco, et al. v. General Electric Co., et al.,* No. CIVSS 807509 (San Bernardino Cty. Super. Ct. June 6, 2008). This document will hereafter be cited as "Compl."

negligent misrepresentation, intentional misrepresentation, violation of California's Consumer Legal Remedies Act and loss of consortium. (Id. ¶¶ 45-105.)

On July 3, 2008, Defendants GE Healthcare, Inc. and General Electric Co. removed the case to federal court on the basis of diversity jurisdiction, despite the fact that the Demarcos and McKesson are all citizens of California.[3] The Removing Defendants claimed that diversity was complete, nonetheless, because McKesson is a nominal defendant that was fraudulently joined. (Notice of Removal, at 2.) According to the Removing Defendants, the citizenship of McKesson should be disregarded for purposes of determining diversity since there is no reasonable basis for establishing product defect liability against a distributor such as McKesson. (Id. at 8.) Because of this, the two-year statute of limitations that governs personal injury actions in California applies to the claims against McKesson. (Id.) Since the two-year statute begins to run from the date of injury, and the injury occurred only days after the January 2005 MRI, it is apparent on the face of the complaint that the claims against McKesson have expired. (Id.)

While the case was pending in California district court, the Demarcos filed a Motion to Remand. They argued that California law is unsettled on the question of whether a plaintiff may sue a distributor of pharmaceuticals for product liability; thus, Defendants have failed to show fraudulent joinder. (See Motion to Remand, at 2-3 (citing *Harris, et al. v. Bayer Healthcare Pharmaceuticals, Inc., et al.,* C.D. Cal. Jun. 4, 2008 (Larson, D.J.) (holding that "so long as the law remains unsettled, the standard for meeting fraudulent joinder is not met.").)

---

[3] See ECF No. 1, *Demarco, et al. v. General Electric Co., et al,* No. ED CV 08-00887 (C. D. Cal. July 3, 2008). This document will hereafter be cited as "Notice of Removal." Defendants GE Healthcare, Inc. and General Electric Co will hereafter be referenced collectively as "the Removing Defendants."

Furthermore, under the California statute of limitations for personal injury actions, a plaintiff must bring a personal injury claim within two years after the plaintiff becomes aware, or reasonably should have become aware, of an injury, the physical cause of the injury and sufficient facts to put a reasonable person on notice that the injury was caused by the wrongful act of another, whichever occurs later.  (Id. at 7 (citing Cal. Civ. Proc. Code § 340.8(a).)  Thus, the earliest date they could have known the cause of Mrs. Demarco's injury was June 6, 2008 – the date when the first FDA warnings associating NSF with Omniscan™ were issued.  (See ECF No. 12-3.)  Because the Demarcos filed the instant case on June 6, 2008, the claims against McKesson were not barred by the two-year personal injury limitations statute, if that statute applied.  The Demarcos' remand motion sought $3,000 in attorneys' fees incurred as a result of the "meritless removal" and an opportunity to amend their complaint if necessary.  (Id. at 9.)

Before the Motion was fully briefed, the Judicial Panel on Multidistrict Litigation transferred the case to me, for purposes of pretrial management, as it involves questions of fact that are common to the other actions transferred to me in MDL No. 1909.[4]  (ECF No. 16.)

After reviewing the record, the Court held a teleconference with counsel on August 20, 2008 for the purpose of discussing the Motion to Remand.  The Court informed counsel that it had reviewed the Motion and conveyed its agreement with the Demarcos' positions.  As California law is unsettled on the question of distributor liability for defective products, it is appropriate that this issue be litigated in state court, to give the California Supreme Court an opportunity to render a decision.  The Court also noted that, just because the complaint alleged that Mrs. Demarco developed NSF shortly after her January 2005 MRI scan, that did not

---

[4]See ECF No. 16.

necessarily mean that the cause of action accrued at that time since there may have been no reason to link the contrast agent used in the MRI to her NSF.  Thus, the Court stated its opinion that it was <u>not</u> apparent on the face of the complaint that the claims against McKesson were time-barred, and directed Plaintiffs' counsel to file an amended complaint which reflected the date their claims against McKesson accrued.

The Demarcos have now filed a First Amended Complaint.[5]  In addition to the claims against the GE Defendants and McKesson, the Demarcos have now alleged the same claims against Bayer Corporation and its various entities[6] arising out of an April 16, 2005 MRI scan Mrs. Demarco underwent which employed Bayer's gadolinium-based contrast agent, Magnevist™ .  (See, e.g., First Amended Compl. ¶ 44.)  The Demarcos note that Magnevist™ is on the same list of targeted gadolinium-based contrast agents mentioned in the June 2006 FDA Public Health Advisory Alert.  (Id. ¶ 39.)  Furthermore, the Demarcos allege that

> [t]he nature of Agnes Demarco's injuries was inherently difficult to discover.  NSF if a relatively new and rare disease with early symptoms that are similar to several other consitions and diseases.  Most, if not all NSF patients, go for months, or even years seeing multiple physicians, undergoing testing, being misdiagnosed, and receiving ineffective treatments before finally being properly diagnosed.  Further, the relationship of Agnes Demarco's injuries to gadolinium exposure through a gadolinium-based contrast agent used during a magnetic resonance imaging was inherently difficult to discover.  Consequently, the discovery rule should be applied to toll the running of the statute of limitations until Plaintiffs discovered, or by the exercise of reasonable diligence and intelligence should have discovered, that Agnes Demarco may have a basis for an actionable claim.

(Id. ¶ 54.)

---

[5] See ECF No. 23.  This document will not be cited as "First Amended Compl.".

[6] In addition to Bayer Corporation, the Bayer entities include Bayer Corporation, Bayer Healthcare Pharmaceuticals Inc., Bayer Schering Pharma AG and Bayer AG.  (See ECF No. 23, at 1.)

## II.

Removal is strongly disfavored by Congress and thus the removal statutes are to be narrowly construed to limit federal court jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. Ky. 2000) ("[B]ecause they implicate federalism concerns, removal statutes are to be narrowly construed.") (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  A defendant has the burden of proving its right to a federal forum, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006) (citing *Long*, 201 F.3d at 757; *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989)).  *See also*, *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996).  All doubts should be resolved in favor of remand.  *Eastman*, 438 F.3d at 550 (quoting *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996)).

## III.

Here, the Removing Defendants removed the instant action to federal court based on diversity jurisdiction despite the fact that the Demarcos and McKesson are citizens of California.  The Removing Defendants contended that McKesson was fraudulently joined, and should not be considered for diversity purposes, because it was clear on the face of the complaint that the claims against McKesson were personal injury claims barred by the two-year statute of limitations.  The Court finds that it was not at all clear from the face of the original complaint that the claims against McKesson were personal injury claims barred by the statute of limitations.  Furthermore, any arguable ambiguity on the face of the original complaint has now been clarified through the filing of the First Amended Complaint, and the paragraph quoted above.

Because complete diversity did not exist on the face of the complaint and there is no basis upon which to conclude that McKesson was fraudulently joined, the Court finds that it does not have subject matter jurisdiction over this case.

Accordingly, the Court hereby **DIRECTS** the Clerk of Court to **REMAND** this case, MDL Individual Case No. 1:08gd50265, U.S. District Court Central District of California Case No. ED CV 08-00887 (SGL), and San Bernardino County, California Superior Court Case No. CIVSS 807509, to the court from whence it was removed (i.e., the Superior Court for San Bernardino County, California).  Additionally, Plaintiffs' request that the Court award attorney fees in their favor is **DENIED**.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster     August 25, 2008*
**Dan Aaron Polster**
**United States District Judge**